IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA 1871.

## Buehler *versus* Rogers.

1. A levy and inquisition are not acts of record but done by the sheriff *in pais*, and if they be wanting, and cannot be supplied by evidence, a venditioni would be without foundation and confer no authority to sell.

2. Docket entries showed the issuing of a fi. fa.: "Real estate levied on and condemned" without description; issuing of venditioni; præcipes for both writs were on file. The land was sold under the venditioni, deed for a lot of land described by metes and bounds, acknowledged as sold under the venditioni. In an action for the purchase-money and case stated, it appeared that the fi. fa. and venditioni could not be found. It not appearing that the land levied on was that described in the deed, the case stated was quashed and remitted for a jury trial.

January 16th 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Chester county:* No. 263, to January Term 1870.

This was an amicable action and case stated in which Evans Rogers, administrator, &c., of Pusey J. Nichols, late sheriff of Chester county, deceased, was plaintiff, and Louisa Buehler, defendant.

The facts agreed upon were as follows:—

"On the 23d day of May 1868, David W. Hutchinson, by his counsel, Wayne MacVeagh, Esq., filed a præcipe with the prothonotary, directing him to issue a writ of fieri facias against Joseph Glenn, upon a judgment in his favor against said Glenn for $930, entered in said court; a writ of fieri facias issued in

[Buehler *v.* Rogers.]

pursuance of said præcipe to August Term 1868, and was placed in the hands of Pusey J. Nichols, the sheriff of said county; the execution docket of said court shows the issuing of said writ, and that the real estate of said Joseph Glenn was levied upon and condemned, by the following entry on said docket : 'Real estate levied on and condemned,' but the said writ of fi. fa. and return thereon, cannot now be found in the prothonotary's office or elsewhere, after diligent search. On the 20th day of August 1868, the said David W. Hutchinson, through his counsel, filed a præcipe for a venditioni exponas, to sell the real estate of the said Joseph Glenn, levied on under the above-stated fieri facias; a writ of venditioni exponas issued in pursuance of said præcipe to October Term 1868, as shown by said execution docket, and was placed in the hands of said sheriff.

"In pursuance of said writ of venditioni exponas, the said sheriff exposed the real estate of said Joseph Glenn to sale, by public vendue or outcry, and sold the same on Wednesday, the 21st day of October 1868, to Louisa Buehler, the above-named defendant, for the sum of $3850.

"On the 29th day of October 1868, the said P. J. Nichols, as sheriff, acknowledged in open court a deed poll to said Louisa Buehler, for the real estate so sold, which has been since duly attested by the then prothonotary, and the seal of the court has been attached thereto, and entered in said court in the proper deed-book, a copy of which deed is hereto annexed and made part of this case, and the deed itself thus completed, is now filed with the prothonotary for the use of the defendant. The above writ of venditioni exponas, cannot be found in the office of the prothonotary or elsewhere, after diligent search.

"The said Louisa Buehler, the defendant, declines to accept said deed, and to pay the said purchase-money, for the reason that the said writs of fieri facias and venditioni exponas, and the sheriff's returns thereon, cannot be found, and that the above-recited proceedings vest no title in her.

"The said Pusey J. Nichols is now dead, and the said Evans Rogers is his administrator.

"The question for the opinion of the court is, whether the plaintiff is entitled to recover the said purchase-money. If the court shall be of opinion with the plaintiff, then judgment to be entered in his favor for the said sum of $3850," &c.

The sheriff's deed was as follows, viz. :—

"To all people to whom these presents shall come : I, Pusey J. Nichols, high sheriff, &c. : Whereas, by a writ of fieri facias issued out of the Court of Common Pleas of said county of Chester, to me directed, bearing teste the 14th day of May, A. D. 1868, last past, I was commanded that of the goods and chattels, lands and tenements of Joseph Glenn, &c., I should cause to be levied as

[Buehler v. Rogers.]

well a certain debt of $930, which David W. Hutchinson, lately in the Court of Common Pleas, &c., recovered against him, &c.: Whereof the said Joseph Glenn is convict, as appeared of record, &c. And that I should have that money before the judges at West Chester, at a Court of Common Pleas, there to be held on a day certain, in the said writ contained, to render to the said David W. Hutchinson, &c. At which said day I, the said sheriff, to the judges did return, that by virtue of said writ to me directed, I had seized and taken in execution, all that certain messuage or tenement and tract of land situate in the borough of Oxford, in the aforesaid county of Chester, bounded and described as follows : Beginning, &c. (describing the land by metes and bounds). Containing 6570 sq. ft. of land, be the same more or less. Being part of the same premises which Joseph Murdagh and wife, by deed dated April 14th, A. D. 1865, &c., granted and conveyed to Dr. D. W. Hutchinson, and which said Dr. D. W. Hutchinson and wife, by deed dated April 6th, A. D. 1867, &c., granted and conveyed to said Joseph Glenn, in fee, &c., with the appertenances, late the property of Joseph Glenn, the defendant in said writ named, which remained in my hands unsold for want of buyers ; so that I could not have the money, &c. ; and that the residue of the execution of said writ appeared in a certain schedule or inquisition thereunto annexed, whereby it appeared, by the oaths and affirmations of the inquest therein named, that the clear profits of the said premises, with the appertenances, were not sufficient, beyond all reprises, to satisfy the debt and damages in the said writ mentioned, within the space of seven years: Wherefore, by a certain other writ of venditioni exponas, issued out of the said court, bearing teste the 20th day of August last past, I, the said sheriff, was commanded that the said premises, &c., * * * I should expose for sale, &c. In pursuance whereof, I, the sheriff, having given due and legal notice, &c., * * * sold the same to Louisa Buehler for the sum of $3850, &c. Now know ye, that I, the said sheriff, for and in consideration of the aforesaid sum of $3850, &c., have granted, &c., and by these presents, according to the directions of the last-recited writ, and by force and virtue thereof, do grant, bargain and sell, unto the said Louisa Buehler and to her heirs and assigns, all that certain messuage, tenement and lot above described," &c. * * * *

The opinion of the court (Butler, P. J.) was delivered December 21st 1869, viz.: " On the authority of Smull v. Mickley, 1 Rawle 95, Hinds v. Scott, 1 Jones 19, and Dalzell v. Crawford, 1 Pars. 46, 47, we think the defendant has a good title to the land, and must pay the purchase-money. Hinds v. Scott cannot, we think, be distinguished in principle from the case before us. That the necessary writs issued ; that the property was levied upon, condemned and subsequently sold under the venditioni ex-

[Buehler *v.* Rogers.]

ponas is shown by the record, or admitted by the defendant. The only thing wanting is the sheriff's return, and this, according to the cases referred to, is supplied by the deed, which recites all the necessary facts, and is made under the authority of the court, as a part of the proceedings for the transfer of the title.

"Judgment must therefore be entered for the plaintiff for the sum due, $3850."

The defendant took a writ of error, and assigned entering the judgment as above for error.

*W. MacVeagh,* for plaintiff in error.

*W. B. Waddell* and *J. S. Futhey,* for defendant in error, cited Smull *v.* Mickley, 1 Rawle 95; Hinds *v.* Scott, 1 Jones 19.

The opinion of the court was delivered, May 8th 1871, by

AGNEW, J.—Owing to the defective statement of the case in the court below, a defect not apparent at first sight, we have experienced much difficulty in arriving at a conclusion in this case. The levy and inquisition are not so set forth in the statement as to make it certain that the identical tract sold by the sheriff to Mrs. Buehler, and described in the deed, was levied upon and condemned. Her title will depend on the levy and inquisition which are not acts of record, but were done by the sheriff *in pais.* The venditioni exponas would be without foundation, and confer no authority to sell, if these be wanting and cannot be supplied by legal evidence: Crowell *v.* Meconkey, 5 Barr 175; Shields *v.* Miltenberger, 2 Harris 78, 79; Gardner *v.* Sisk, 4 P. F. Smith 506; St. Barth. Church *v.* Wood, 11 Id. 96. The docket-entry of the fi. fa. merely states "real estate levied on and condemned." At first it might be supposed this meant the real estate afterwards sold; but this is not admitted by Mrs. Buehler, for in the close of the stated case she denies her liability, "for the reason that the said writs of fieri facias and venditioni exponas and the sheriff's returns thereon cannot be found, and that the above-recited proceedings vest no title in her." It is obvious, therefore, as the only ground of objection to the sale can be the want of authority in the sheriff to sell, she must have objected on the ground that there was nothing to show that the tract she bought at the sheriff's sale was levied on and condemned. There is an entire absence of description and identity to support the issuing of the venditioni exponas. It is proper, therefore, that instead of deciding this cause on a statement so dubious on this point, the case should go back for a trial when proof of the land levied on and condemned can be made. Otherwise we might do injustice by a decision; on the one hand involving the sheriff's estate in liability for the bid, or on the other compelling Mrs. Buehler to accept a

doubtful title. It is to be observed, this is not a doubt covered by the maxim *caveat emptor*, which applies to the title of the defendant in the writ, but a doubt of the authority to make the sale. Under the circumstances, we think it better to reverse the judgment, quash the stated case and send the cause back for a jury trial.

Judgment accordingly.