# McLanahan et al., Appellants, *v.* Goodman et al.

*Execution—Sheriff's sale of land lying in two counties—Sheriff's deed—Confirmation—Inquest—Waiver—Estoppel—Vend. ex. —Failure to comply with Act of June 13, 1840, P. L. 692—Act of June 16, 1836, P. L. 769.*

1. Where a tract of land lying in two counties is sold by the sheriff, after fieri facias issued, levy made, and inquisition held, in one county only, and without any compliance with the provisions of the Act of June 13, 1840, P. L. 692, no title passes by the sale to the portion of the land lying in the county in which no proceedings were had.

2. The lien of a judgment does not extend beyond the county where it is entered.

3. Except as authorized by statute, a sheriff cannot levy upon or sell land situated beyond his own county. A writ of vend. ex. does not give him such authority.

4. Under the Act of June 13, 1840, P. L. 692, the sheriff's right to sell land in an adjoining county does not arise until after the return of the inquest, showing the necessity therefor, has been approved by the court.

5. The inquisition required by the Act of June 16, 1836, P. L. 769, is for the defendant's benefit and may be waived by him; but he cannot waive the inquest required by the Act of June 13, 1840, P. L. 692, as that is for the benefit of all the parties in interest.

6. Confirmation of a sheriff's deed cures irregularities and defects, which make the sale voidable, but not such fatal defects as render it void; and lack of power in the sheriff to make the sale is a fatal defect.

7. Where lands are sold in one county under proceedings in another county, without compliance with the Act of June 13, 1840, P. L. 692, judgment creditors, who transferred their judgments subsequently to the illegal sale to the county where the lands were situated, and bought in such lands at sheriff's sales procured by themselves, are not estopped from recovering the lands in ejectment, because they transferred their judgments from the one county to the other; and particularly is this so, where there is nothing to show that they participated in the original sale, or ratified it.

Argued April 21, 1919. Appeal, No. 29, Jan. T., 1919, by plaintiffs, from judgment of C. P. Blair Co., Jan. T., 1918, No. 140, for defendants n. o. v. in case of M. H. McLanahan and J. King McLanahan, Executors of J. King McLanahan, decd., and J. B. Isett v. Samuel H. Goodman et al., Executors of L. S. Goodman, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Ejectment for land in Catharine Township. Before BAILEY, P. J., specially presiding.

At the trial the jury returned a verdict for plaintiffs, subsequently the court entered judgment for defendants n. o. v. Plaintiffs appealed.

*Error assigned* was in entering judgment for defendants n. o. v.

*L. H. Beers* and *W. I. Woodcock*, of *Woodcock & Woodcock,* for appellants.—The sale in Huntingdon County was

invalid as to the lands in Blair County: Menges v. Oyster, 4 W. & S. 20; Frick v. Fiscus, 164 Pa. 623; St. Bartholomew's Church v. Wood, 61 Pa. 96; Gardner v. Sisk, 54 Pa. 506; Worthington v. Worthington, 3 Clark 73; Copeland v. Mehaffey, 6 D. R. 167.

No more can be sold on a venditioni exponas than what was embraced in grasp of the levy: Copeland v. Mehaffey, 6 D. R. 167; Neil v. Colwell, 66 Pa. 216; Burd v. Dansdale, 2 Binn. 80; Elliott v. McGowan, 22 Pa. 198.

*James S. Woods,* with him *H. H. Waite* and *Thomas C. Hare,* for appellee.—The sale was valid: Elliott v. McGowan, 22 Pa. 198; Safety Dep., etc., Bank v. Schuylkill County, 190 Pa. 188; Com. v. Bell, 4 Pa. Superior Ct. 187; Randal v. Gould, 18 Pa. Dist. Rep. 6; Shields v. Miltenberger, 14 Pa. 76; McKee v. Harris, 25 Pa. 105; McLaughlin v. McLaughlin, 85 Pa. 317; Keystone Collieries v. Mudge, 256 Pa. 130.

OPINION BY MR. JUSTICE WALLING, May 12, 1919:

This is an action of ejectment. In 1846 Blair County was erected out of parts of Bedford and Huntingdon Counties; a section of its eastern boundary being along the crest of Tussey mountain, and extending westerly therefrom is a tract of 566 acres of land in Catharine Township, Blair County, which forms the subject of this suit. It is a part of a tract of 1,425 acres, the balance of which is, and all of which prior to 1846 was, in Huntingdon County, and constituted the Irwin, Copp, Cone and Dorsey tracts. In 1875 the title to the 1,425 acres became vested in Abraham Mumper, who is the common source of title. He died intestate the same year and, subject to the dower interest of his widow, the title to this land vested in his two sons, John W. and Harry A. Mumper. The former became so financially involved that about forty judgments were entered against him in Huntingdon County, where his one-half undivided interest in the 1,425-acre tract was sold by the sheriff in 1886, on execu-

tions issued upon judgments, all but one of which waived inquisition and on that an inquest was held and the land condemned under the Act of June 16, 1836, P. L. 769, Purdon's Digest (13th ed.), vol. 2, p. 1561. The executions consisted of writs of fieri facias upon which the land was taken in execution and later sold on writs of venditioni exponas, in all of which it was described as situated in Porter Township, Huntingdon County; as it also was in the sheriff's deed to Henry Longstreth, the purchaser at that sale. While the description embraced the entire tract, there was no intimation that any part of it was in Blair County and no inquisition was held as required by the hereinafter mentioned Act of 1840, for the sale of land in an adjoining county, nor was any other attempt made to comply with that act. Defendants are the owners of the Harry A. Mumper interest, also the widow's dower and the title acquired by Longstreth as sheriff's vendee.

Plaintiffs were judgment creditors of John W. Mumper at the time of the sheriff's sale above mentioned, but it is not shown that they were present at or participated in the sale, nor were their judgments paid by the proceeds thereof. Many years thereafter, however, they transferred them to Blair County, where they were revived and executions issued thereon by which the sheriff of that county in 1916 seized and sold John W. Mumper's one-half undivided interest in the 566 acres of land there situated, which plaintiffs purchased and brought this suit. Until recently the entire 1,425-acre tract was assessed and the taxes paid thereon in Huntingdon County. It is rough mountain land but has become valuable. At the trial the court directed a verdict for plaintiffs, but subsequently entered judgment for defendants n. o. v.; from which the former brought this appeal.

The case was rightly ruled at the trial and judgment should have been entered on the verdict. The lien of a judgment does not extend beyond the county where it is entered; however, it can be transferred to another county

where process may be issued and land therein taken in execution, or such land may be taken on a testatum writ from the original judgment, but neither was done here as to the first sheriff's sale.    Except as authorized by statute, a sheriff cannot levy upon or sell land situated beyond his own county.    Such sale by him is void for lack of power and conveys no title: Menges v. Oyster, 4 W. & S. 20, and see Wilson v. McCullough, 19 Pa. 77.

Section 12 of the Act of June 13, 1840, P. L. 692, Purdon's Digest (13th ed.), p. 1575, provides that, "When any part of any lands or real estate, which lie in one or more adjoining tracts, in different counties, has been or shall be taken in execution, under any writ of fieri facias, or a writ of levari facias, issued out of any court in either county, it shall be the duty of the sheriff to summon an inquest, for the purpose of ascertaining whether that part of said land which has been taken in execution can be sold separately and apart from the other part of said land lying in the adjoining county or counties, without prejudice to the whole, or to the interest of the defendant or defendants, or any of his, her or their lien-creditors, or other persons, who may be interested in the proceeds thereof; and also how much, and what part of said lands in such adjoining county or counties, ought to be sold with that part taken in execution as aforesaid, describing the same by metes and bounds; and he shall make a return in due form of law, of the inquisition taken with the writ.    And if the said inquest shall find that the part of said lands taken in execution cannot be sold separately, from the other part lying in the adjoining counties or a portion of the same, without prejudice as aforesaid, and the inquisition shall be approved by the court, the plaintiff may have a writ of venditioni exponas, or writ of levari facias,...... to sell said lands and real estate, taken in execution, and other part in such inquisition mentioned and described, by virtue thereof."    The act further provides for the manner of sale, including notice to be given in each county and the filing of a copy of the

docket entries, etc., in the adjoining county. But in the case at bar no inquest was held (except that under the Act of 1836) and no steps whatever taken to comply with the statute above quoted. On the contrary, the sale was conducted apparently on the assumption that the entire 1,425-acre tract was located in Huntingdon County. Under the Act of 1840 the sheriff's right to sell land in an adjoining county does not arise until after the return of the inquest, showing the necessity therefor, has been approved by the court (Elliott v. McGowan, 22 Pa. 198); and as no inquest was held it follows that the sheriff acquired no right under that act to sell the land in Blair County. As the record shows that the entire tract was seized and sold as land in Huntingdon County, there can be no presumption of compliance with the Act of 1840.

The inquisition required by the Act of 1836 is for the defendant's benefit and may be waived by him; but, as the court below rightly concludes, he cannot waive the inquest required by the Act of 1840 as that is for the benefit of all the parties in interest. Under that act the sheriff is not empowered to seize the lands out of his bailiwick in the first instance, but the court will order a writ to sell the whole after confirmation of the return to the inquisition. See opinion of Judge SHARSWOOD in Worthington v. Worthington, 3 Clark 208. So in the first instance the sheriff had no right to levy upon the land in Blair County under writs issued in Huntingdon County. But it is contended that the writs of vend. ex. thereafter issued in the latter county authorized the sale of such land. This contention cannot prevail. The office of a vend. ex. is to sell property previously taken in execution. It is not a writ separate from the fi. fa. but a part of it: Neil v. Colwell, 66 Pa. 216; Hughes v. Rees, 4 Meeson & Welsby, 469. A sale thereunder in the present case passed a title to the land in Huntingdon County, upon which there was a valid levy, but not to that in Blair County where the levy was void. In the absence of proceedings under the Act of 1840, the court in Huntingdon County had no authority

to order the sheriff of that county to sell the land in Blair County, even conceding that the writs of vend. ex. in question amounted to such order. See Buehler v. Rogers, 68 Pa. 9.

Confirmation of a sheriff's deed cures irregularities and defects, which make the sale voidable (McFee v. Harris, 25 Pa. 102; Clough v. Welsh, 229 Pa. 386), but not such fatal defects as render it void; and lack of power in the sheriff to make the sale is a fatal defect: Shields v. Miltenberger, 14 Pa. 76; McLaughlin v. McLaughlin, 85 Pa. 317, 324; Cock v. Thornton, 108 Pa. 637; Keystone Collieries v. Mudge, 256 Pa. 130.

The fact that plaintiffs were judgment creditors at the time of the first sheriff's sale and later transferred their judgments to Blair County does not estop them from recovering the land here at issue. Nothing appears to support a finding that they so participated in the original sale, or so ratified it, as to constitute an estoppel.

The judgment is reversed and is here entered for the plaintiffs upon the verdict.