## Real Estate Land Title & Trust Co. *v.* United Security Trust Co., Appellant.

Submitted January 6, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*James J. O'Brien,* of *Fox, Rothschild, O'Brien & Frankel,* for appellant.—Plaintiff's negligence in delivering check bars it from recovery: United Security v. Bank, 185 Pa. 586; Califf v. Bank, 37 Pa. Superior Ct. 412; Maul v. Rider, 59 Pa. 167; Iron City Nat. Bank v. Bank, 159 Pa. 46.

The notice of forgery was not timely: Connors v. Bank, 245 Pa. 97; Marks v. Bank, 252 Pa. 304.

Plaintiff cannot rely on the guarantee of prior endorsements because of its negligence.

Defendant is an innocent party: P. R. R. Co.'s App., 86 Pa. 80; States v. Bank, 203 Pa. 69; Robertson v. Hay, 91 Pa. 242; United Security Life Ins. & Trust v. Bank, 185 Pa. 586; Bedford Nat. Bank v. Stever, 169 Pa. 574.

*John V. Lovitt* and *Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Ingersoll,* for appellee.—There is ample authority for the fundamental principle allowing the recovery of money paid on a forged endorsement: National U. Fire Ins. Co. v. Bank, 276 Pa. 212; Second Nat. Bank of Pittsburgh v. Trust & S. Deposit Co., 206 Pa. 616; Judge v. T. & T. Co., 68 Pa. Superior Ct. 310.

Plaintiff was not negligent in failing to discover the forgeries until December 9, 1929: United States v. Bank, 214 U. S. 302; Leather Mfg. Bank v. Morgan, 117 U. S. 96; Second Nat. Bank of Pittsburgh v. T. & S. Deposit Co., 206 Pa. 616.

Plaintiff was not negligent in physically delivering the check to Charles Gross; the act did not mislead defendant and bears no causal relation to the loss: Houser v. Bank, 27 Pa. Superior Ct. 613; United Security L. Ins. & T. Co. v. Bank, 185 Pa. 586.

Defendant was not an innocent party: United Security Life Ins. & T. Co. v. Bank, 185 Pa. 586; Second Nat. Bank of Pittsburgh v. Guarantee T. & S. Deposit Co., 206 Pa. 616.

OPINION BY MR. JUSTICE MAXEY, April 13, 1931:

The plaintiff is engaged in a general banking, trust and title business, including a real estate department. The defendant was formerly the Republic Trust Company and by appropriate action changed its name to the United Security Trust Company, effective November 23, 1929. The defendant also conducts a general banking business. On December 7, 1928, Joseph Malnick and Sarah Malnick, his wife, purchased a property and in the settlement they produced one Charles Gross as their agent. At this settlement Gross, in the presence of Joseph and Sarah Malnick, signed the settlement as their agent. The purchase was then consummated at plaintiff's settlement department. Malnick and wife then departed. Gross remained behind and arranged with the plaintiff to place, on December 20, 1928, a first mortgage for $5,000 on the Malnick property by the Philadelphia Company for Guaranteeing Mortgages (hereinafter termed the Philadelphia Company). Gross did this without the knowledge, consent or approval of Malnick and wife. He induced the Philadelphia Company to do this upon condition that the mortgage would be guaranteed and insured as to title and genuineness by the plaintiff corporation. The Philadelphia Company deposited the sum of $5,000 with the plaintiff company upon these conditions. At the mortgage settlement held on December 20, 1928, at which settlement Gross alone was present, he produced and delivered to the plaintiff company a mortgage, as well as a bond and warrant, purported by him to be signed by the Malnicks by the making of their marks, duly witnessed and acknowledged, the Malnicks being unable to read or write. This mortgage was accepted and recorded by the plaintiff company. The plaintiff thereupon issued its policy of title insurance to the Philadelphia Company, guaranteeing and insuring the title of the mortgage and the genuineness thereof. The plaintiff's settlement department then drew its check on

plaintiff's banking department in the sum of $4,995, the net proceeds of the mortgage, to the order of Joseph Malnick and Sarah Malnick, and delivered it to Gross as agent for the Malnicks. Gross forged the payees' names (not by mark) to the check and deposited it to the account of the estate of Anna M. Cook, deceased, Charles Gross, administrator, in the Republic Trust Company (now the United Security Trust Company). Gross was well known to the officers of this company and maintained bank accounts with substantial balances there, as is set forth in the affidavit of defense. The defendant bank expressly guaranteed the endorsements and the check was duly passed through the clearing house and paid by the plaintiff. On June 26, 1929, Gross closed his accounts with the defendant. On December 9, 1929, the Philadelphia Company notified the plaintiff that Malnick and wife disavowed the mortgage transaction and averred that their signatures to the mortgage and their endorsements to the check were forgeries. On the following day, the plaintiff notified the defendant of the irregular endorsement purporting to be by Malnick and wife and demanded repayment of the amount of the check. Compliance with the demand was denied by the defendant and plaintiff brought this action.

These material facts were set forth in the affidavit of defense to the statement filed by the plaintiff. Defendant also set up new matter to the effect that Gross in 1927 appeared at a settlement of a mortgage, at which time plaintiff delivered to Gross a check payable to one Grayev, owner of the mortgage, and Gross was to cause the mortgage to be satisfied, but this was not done, the mortgage debt was not paid and the mortgage remains a lien upon the property. Defendant in this new matter averred that plaintiff was negligent in not discovering by an examination of its own records the improper handling by Gross of the check payable to Grayev and that it was chargeable with knowledge of Gross's untrustworthiness before it delivered the check in suit

to him, and therefore it is not entitled to maintain this action.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which rule was made absolute and judgment was entered for the defendant. This appeal followed.

The judgment was properly entered. The defendant bank is liable to the plaintiff for the amount of the proceeds of the check. Defendant warranted all previous endorsements; also that it had good title to the check. The endorsements being forged, the guarantee became operative. The defendant had no title to the check, and therefore no right to collect anything thereon. The defendant—as appears from its affidavit of defense—accepted the check for deposit and later paid the amount of it upon the faith it reposed in its depositor, Gross, who was well known to the defendant and who at the time had substantial balances with it. Gross had no title to this check and the endorsements forged by him passed no title.

Section 23 of the Negotiable Instruments Law of 1901, P. L. 194, sets forth: "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." There is nothing pleaded by the defendant which precludes the plaintiff, in the language of section 23, supra, from "setting up the forgery or want of authority," the forged signatures of Malnick and his wife are wholly inoperative and defendant has pleaded nothing in support of its claim to retain the money received on this fraudulently endorsed check. This case is ruled by the decisions of this court in Nat. Union Fire Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212,

and the Second Nat. Bank of Pittsburgh v. Guarantee Trust & Safe Deposit Co. of Shamokin, 206 Pa. 616. See also Leather Manufacturers Bank v. Morgan, 117 U. S. 96, and United States v. Nat. Exchange Bank, 214 U. S. 302.

In other jurisdictions, under similar facts, guarantors of previous endorsements are held strictly to their obligation. Some recent decisions on this question are the following: First Nat. Bank v. Federal Reserve Bank of Minnesota, decided January 2, 1931, by the Supreme Court of Montana; National Metropolitan Bank v. Realty Appraisal & Title Co., decided March 2, 1931, by the Court of Appeals of the District of Columbia; Cosmopolitan State Bank v. Lake Shore Trust & Savings Bank, decided February 18, 1931, by the Supreme Court of Illinois; and Moultrie Banking Co. v. Moore et al., decided February 24, 1931, by the Supreme Court of Georgia.

The case we are now deciding is distinguished from that of Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, and Market St. Title & Trust Co. v. Chelten Trust Co., 296 Pa. 230. The characteristic feature of these cases was, in the language of this court in the latter case, that "the money was in fact paid to the person to whom plaintiff by its actions showed it intended the money should be paid." In these two cases, as this court pointed out, "plaintiff caused a specific person to receive the check, expecting he would use it." In the case now before us, Gross was not the person to whom plaintiff by its actions intended the money should be paid. He was not the person designated to receive the check, with the expectation that he would use it. When the defendant took the check without knowing whether the purported endorsing signatures of Joseph and Sarah Malnick were genuine, it took the risk at its own peril. If there is anything wrong with the endorsement it must fall back upon the party from whom it re-

ceived the draft and who endorsed it: The Second Nat. Bank of Pittsburgh v. Guarantee Trust Co., supra.

When the defendant endorsed the check and guaranteed all previous endorsements, including that of Malnick and his wife, plaintiff was entitled to rely upon defendant's warrant that it had valid title and upon its guarantee of the genuineness of all previous endorsements. It follows that plaintiff is entitled to recover from defendant the money paid in reliance upon that warrant and guarantee.

The judgment is affirmed.