Kolmar, Inc., Appellee, v. Thomas W. Moore, Appellant, and Monarch Distributing Company, Defendant.

Opinion filed May 26, 1944.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellant.

FELSEN & McMURDO, of East St. Louis, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal from a judgment of the city court of East St. Louis, denying the motion of Thomas W. Moore, defendant appellant, to vacate and set aside, as to him, a judgment by confession taken upon a promissory note, in the amount of $717.87.

This note was dated October 1, 1939, payable in 30 days after date to Kolmar, Incorporated, plaintiff appellee. It bore the signature of Monarch Distributing Company, by its president, and of T. W. Moore, assumed to be said Thomas W. Moore. Judgment by confession was entered November 22, 1939, and execution was issued on this judgment the same date. This judgment was against appellant and Monarch Distributing Company, a corporation, which made no effort to vacate said judgment. The return on the execution by the deputy sheriff recited that it was served on appellant November 29, 1939. An alias execution was issued on this judgment and served upon appellant on April 22, 1941. On May 2, 1941, appellant filed his motion in said city court to set aside and vacate said judgment, which motion was accompanied by his affidavit in support thereof and a sworn answer to the complaint, which he proposed to file, if permitted. A counter affidavit was filed by a deputy sheriff stating that he did serve the original execution upon appellant. A counter affidavit was filed by a handwriting expert stating that in his opinion the signature to the note was the genuine signature of appellant. A counter affidavit of appellant was filed denying that he had been served with the original execution or ever knew of the note and judgment until April 22, 1941. An affidavit of appellant's attorney was filed to the effect that delay in the disposing of the motion before the court after it was filed, was occasioned by delay

of plaintiff's attorneys. There was filed an affidavit of a Mr. Marks who referred to a business transaction he had had with defendant and who stated that, based on signatures of defendant in such business transaction, that the note bore the genuine signature of the defendant.

The affidavit of defendant attached to and made in support of his motion to the court to set aside, vacate or open the judgment, and also his verified answer, positively alleged that he was not indebted to plaintiff in any sum whatever, on any date; that he did not make, execute or deliver to plaintiff, or authorize any one on his behalf, to make, execute or deliver, the note in question. It alleged that he first learned on April 22, 1941, of the existence of the note, and that judgment had been rendered against him. It recited at length that he immediately consulted an attorney and with him examined the court records and copy of the note and that he and his attorney then went to the office of attorneys for plaintiff and there examined the original note. Defendant's affidavit recited positively that the signature to the note was a forgery and that he immediately directed his attorney to take the proper steps to have the judgment vacated. The affidavit and verified answer each alleged a meritorious defense, that defendant would prove that he was not liable to plaintiff and that the note was a forgery.

Allegations of the affidavit and motion to vacate and the verified answer were each amply sufficient to satisfy legal requirements. They were filed in said cause May 2, 1941.

At the outset, it must be assumed that the statements in the affidavit, made under penalty of perjury, that the signature was a forgery, were true. The counter affidavits by the handwriting expert and witness are not proper for consideration. They go to the merits of the controversy; and not to the question of diligence or laches. In such proceeding as

this, it would be improper to try the merits of the cause of action by affidavits and counter affidavits. *Murphy v. Schoch*, 135 Ill. App. 550; *Hood v. Gehrs*, 170 Ill. App. 230, 232; *Stranak v. Tomasovic,* 309 Ill. App. 177, 180–181.

In *Handley v. Wilson*, 242 Ill. App. 66, 68, the court, in considering a motion to vacate a judgment on the charge of forgery, said: ''This presented a vital question of fact which he was entitled to have tried and his motion should have been allowed.'' In *Stoner v. Millikin*, 85 Ill. 218, 220, the court held that a judgment by confession against a defendant, based on a forgery, was unauthorized and was a nullity. To the same effect was *Murphy v. Schoch*, 135 Ill. App. 550, 553–554; *Browning v. Spurrier,* 245 Ill. App. 276. A forged note is absolutely void. *Vannatta v. Lindley,* 198 Ill. 40, 42. Allegation of forgery discloses a meritorious defense. *Farmers Bank of North Henderson v. Stenfeldt,* .258 Ill. App. 428.

Appellee contends that the return of the deputy sheriff stating that the original execution issued on the judgment was served on defendant November 29, 1939, must be conclusive that defendant then had notice of the judgment. Defendant filed his counter affidavit positively denying that any execution had been served upon him on that date.

Appellee cites *Stasel v. American Home Security Corp.,* 279 Ill. App. 172. That case was a bill of review of a foreclosure proceeding in which the property had been sold. Complainants in the bill of review had notice of defaults against them after the decree for sale had been entered. Thereafter the premises were sold. Defendant testified that he did not receive the summons from the sheriff but from another person. He was bound to know that there was a pending suit against him.

In some cases a return of a summons by a sheriff cannot be impeached and thereby a judgment rendered

void, by a mere denial by a defendant that a summons was served upon him, where third parties have acquired rights upon the faith of a return of service by a sheriff. *Davis v. Dresback*, 81 Ill. 393; *Kochman v. O'Neill*, 202 Ill. 110. In *Linn v. Laramie State Bank of Chicago*, 288 Ill. App. 98, 100, cited by appellee, not only did the deputy sheriff testify that he personally served the summons on the defendant, but an attorney also testified that the defendant appeared personally in his office with a copy of the summons.

But the question in the instant case is different. The validity of a judgment, based upon service of a summons by an officer as shown by his return, is not, here, sought to be impeached. The return is relied upon to establish the fact of delay and laches by appellant in instituting proceedings to secure a trial on the merits and his day in court. Here, no right of any third person has intervened. It is not here sought to set aside the return of the sheriff on the execution. The judgment is neither void or valid because an execution was issued upon it and the return of service indorsed upon the execution. There is no showing here, of any injury to appellee, were the motion to vacate, allowed.

The question of a meritorious defense is of much more importance than the question of defendant's diligence or lack of it. When a meritorious defense is shown, as here, the discretion of the court in considering a motion to vacate a judgment and to permit a trial upon the merits, should be liberal. *Automatic Oil Heating Co. v. Lee*, 296 Ill. App. 628, 632; *Stranak v. Tomasovic*, 309 Ill. App. 177, 181; *Buchanan v. Stephens*, 304 Ill. App. 477, 479–480.

Appellee further contends that appellant was guilty of laches and negligence in not pressing his motion for a hearing before the court. Had appellee desired an earlier hearing on the motion, it could have requested the court for same. It appears from the affi-

davit of appellant's attorney that time and again he solicited appellee's attorney to appear before the court but was delayed by the statement that another counsel of appellee must be consulted upon a time for hearing of the motion and that after many such evasive delays a hearing was finally had. Such delay therefore could not be charged as laches against appellant.

Courts of law exercise equitable jurisdiction over judgments entered by confession upon warrants of attorney. And it is necessary to justice that courts of law should liberally exercise that jurisdiction.

A meritorious defense is shown by the motion and affidavit in support thereof. We are of the opinion that diligence has been exercised by appellant and that he was not guilty of laches. Wherefore, the trial court in reasonable exercise of its discretion should have allowed said motion and it was in error in denying it.

This cause should be and hereby is reversed and remanded, with directions to enter proper orders opening up said judgment, permitting defendant to answer the complaint and make his defense to the claim, if he has any, and to have a trial upon the merits; the judgment to stand as security throughout said proceedings.

*Reversed and remanded with directions.*