Harris, Appellant, v. Harris.

Argued November 30, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 10, 1968.

*Herbert H. Hadra,* with him *Robert H. Arronson* and *Maurice Freedman,* for appellant.

*Michael F. Walsh,* with him *Leonard Spear,* and *Meranze, Katz, Spear and Bielitsky,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1968:

This is an appeal from the decree of the court below sustaining appellee's (Nitram, Inc.) preliminary objections in the nature of a demurrer to appellant's cause of action in equity.

The record discloses the following pertinent facts: On March 5, 1965, First Pennsylvania Banking & Trust

Co. confessed judgment against appellant and her husband on a judgment note apparently signed by the parties and dated September 15, 1963. Damages were assessed and judgment was then entered in favor of First Pennsylvania in the amount of $168.08. The judgment was subsequently marked to the use of Adal Corp. Execution proceedings were then commenced against the premises in question, which premises were owned by appellant and her husband as tenants by the entireties.

Appellee purchased the premises at sheriff's sale. Immediately upon learning that the premises had been sold,[1] appellant filed a petition and a rule to show cause why the judgment should not be opened, alleging that her signature on the judgment note was a forgery. The rule to show cause was made absolute.

Thereafter, appellant instituted the present action in equity seeking to set aside the sheriff's sale and to compel appellee to account for all money received from the use of the premises. Appellee filed preliminary objections to the complaint alleging that the complaint failed to state a cause of action. The court below sustained the preliminary objections and this appeal followed.

We are required to determine whether an execution sale on a judgment procured as a result of a forged signature on a judgment note passes good title to property sold thereunder to a bona fide purchaser for value. Whether title will pass at an execution sale depends upon the validity of the underlying judgment. If the execution sale was based upon a voidable judgment, a bona fide purchaser will be protected against actions

---

[1] Appellant alleges in her complaint that at the time of the foreclosure proceedings she was outside the jurisdiction and never received any notice either of the entry of judgment, or the foreclosure proceedings.

seeking to recover the purchased property. On the other hand, where a void judgment is the basis for an execution sale, one who purchases property will not acquire title even if a bona fide purchaser for value. See 33 C.J.S., Execution §§6, 230, 299a (1942); Restatement, Judgments §115, comment j (1942) and Pennsylvania Annotations; 3 and 4 American Law of Property §§13.1, 18.60 (1952).

We are therefore confronted with the narrow issue of whether a judgment which has been procured by a forged signature on a judgment note is void or voidable. The court below, in sustaining appellee's preliminary objections, concluded that a judgment based on a forged instrument is merely voidable and consequently will not hamper the passage of good title to one considered a bona fide purchaser for value. We disagree. The cases are legion, at least with respect to negotiable instruments, that a forged, fraudulent and spurious instrument is not binding on any person and is wholly inoperative to transfer any title or right to property whether the holder is an innocent or guilty purchaser.[2] *Johnson v. First National Bank of Beaver Falls*, 367 Pa. 459, 81 A. 2d 95 (1951); *Lindsley v. First National Bank of Philadelphia*, 325 Pa. 393, 190 A. 876 (1937); *Real Estate Land Title & Trust Co. v. United Security Trust Co.*, 303 Pa. 273, 154 A. 593 (1931). For cases in other jurisdictions see *U. S. v. Lemons*, 67 F. Supp. 985 (1946); *Larsh v. Green Gold Farms, Inc.*, 214 N.E. 2d 924 (1966); *Kolmar, Inc. v. Moore*, 323 Ill. App. 323, 55 N.E. 2d 524 (1944).

---

[2] In accord with this general proposition is §3-404 of the Uniform Commercial Code which provides in pertinent part as follows: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; . . ." Act of October 2, 1959, as amended, P. L. 1023, §3, 12A P.S. §3-404.

By way of analogy to this body of law, it seems equally clear that a judgment entered on a forged judgment note is likewise completely null and void. See Off-Record Risks for Bona Fide Purchasers of Interests in Real Property, 72 Dick. L. Rev. 35 (1967). Since an execution sale based upon a void judgment is itself void, title will not pass to any purchaser, innocent or otherwise. 30 Am. Jur. 2d, Execution §10 (1967), and cases cited therein. If appellant is capable of demonstrating that her signature on the judgment note was the product of a forgery, she could not be divested of title with respect to her interest in the subject premises. For these reasons, we are of the opinion that appellant's complaint avers sufficient facts which, if proven, would entitle her to relief in equity against appellee and that the court below improvidently sustained appellee's preliminary objections in the nature of a demurrer.

Decree reversed and case remanded.