## National Central Bank v. C.A.V., Inc.

*Dale F. Shughart, Jr.*, for plaintiff.

*Steven J. Fishman*, for defendant.

WEIDNER, *J.*, July 15, 1975—On November 29, 1974, plaintiff, National Central Bank (hereinafter referred to as "NCB"), having confessed judgment on a note against the defendant, C.A.V., Inc., filed a praecipe for a writ of execution on the judgment. The writ was issued, pursuant to which the Sheriff of Cumberland County levied on certain of defendant's real property. An execution sale was scheduled for March 19, 1975. This sale was duly advertised and conducted, with C.A.V., Inc.'s real property sold at a bid of $17,500. On April 1, 1975, prior to the delivery of a sheriff's deed to the high bidder, C.A.V., Inc., petitioned the court under Pa. R.C.P. 3132 to have the sale set aside. NCB subsequently moved to have the petition to set aside the sale stricken. Argument was held before this court on April 22, 1975.

In petitioning the court for relief, C.A.V., Inc., avers that the original entry of judgment by plaintiff was fraudulent and without consideration. Such averment constitutes the sole basis for setting aside the sale in question.

NCB contends that defendant's attack, pursuant to Pa. R.C.P. 3132, should be limited to defects in the execution sale itself and not the basis for a collateral attack upon the underlying judgment. Plaintiff suggests that Pa. R.C.P. 2959 provides the appropriate mechanism for defendant to contest this judgment. Plaintiff further contends laches, arguing that it would be extremely prejudicial to

him and the sale purchaser to permit an oblique attack upon the underlying judgment when defendant has not acted to have the judgment opened or stricken in the one and a half years since original entry thereof.

Central to a determination in this matter is whether a judgment obtained by confession may be collaterally attacked on a motion to set aside a sheriff's sale. NCB, citing Roberts v. Gibson, 214 Pa. Superior Ct. 220, 251 A.2d 799 (1969), argues that an allegation of fraud must relate to the execution sale itself, precluding a collateral attack upon the prior judgment. The court in Roberts, supra., specifically held that, if a default judgment is not void on its face, any allegation of fraud must pertain to defects in the execution sale. However, the court's opinion quoted with approval language in McLanahan v. Goodman, 265 Pa. 43, 49, 108 Atl. 206 (1919), to the effect that a sheriff's deed cannot cure defects which render a sale void.

Harris v. Harris, 428 Pa. 473, 239 A.2d 783 (1968), in sustaining a collateral attack upon a prior confessed judgment, concluded that: (1) whether title to real property passes upon an execution sale depends upon the validity of the underlying confession judgment: and (2) a judgment based upon a note bearing a forged signature is, in fact, void.

Since, therefore, a void judgment may be attacked collaterally (Restatement, Judgments, §11 (1942)), and a judgment on a note bearing a forged signature is deemed void (Harris v. Harris, supra) this court must determine whether C.A.V., Inc.'s allegation of fraud is sufficient to sustain its petition. We conclude that it is not.

When fraud is relied upon as a basis for judicial action it must be alleged with particularity. Pa. R.C.P. 1019(b): Angier v. Agnew, 93 Pa. 587 (1881); Kelly v. Thomas, 234 Pa. 419, 83 Atl. 307 (1912). In Harris v. Harris, supra, the court found that the complaint alleged sufficient facts of fraud which, if proven, would entitle the appellant to relief. In the instant case, C.A.V., Inc.'s petition sets forth merely a general averment of fraud in the entry of judgment. Such a general averment fails to provide the degree of particularity necesssary to sustain an allegation of fraud. Absent detailed evidence of fraud, this court is unable to find support for defendant's collateral attack upon the original confession judgment.

C.A.V., Inc.'s additional allegation that no consideration passed for the judgment note in question likewise fails to provide a sufficient basis for the relief requested. This allegation, if proven, could, at best, establish the invalidity of the instant note. However, such status would not, of necessity, give rise to a judgment void on its face, and only void judgments are subject to collateral attack. See, Annot., 95 A.L.R. 1267, 1284 (1935).

Inasmuch as petitioner has failed to establish proper and sufficient cause, pursuant to Pa. R.C.P. 3132, for the relief requested, and concurrently for a collateral attack upon the prior confessed judgment, plaintiff's motion to strike the petition to set aside the sheriff's sale is granted, and said sale is hereby affirmed.

Considering the above disposition of the case, we find it unnecessary to pursue the otherwise relevant laches argument put forth by plaintiff.

## ORDER

And now, July 15, 1975, for the reasons set forth above, the motion of NCB to strike the petition of C.A.V., Inc., excepting to the sheriff's sale of March 19, 1975, is hereby granted.