GENERAL FIRE ASSURANCE COMPANY OF PARIS, FRANCE, Appellant, *v.* THE STATE BANK, Respondent.

First Department, May 4, 1917.

Banks and banking — relation between bank and depositor — liability of bank for payment of draft upon forged indorsement of payee — effect of subsequent indorsements by third party in possession of draft — effect of acceptance by drawer.

Where a fire insurance company causes a "loss draft" to be drawn on its bank, payable "to the order of" an insured for a loss sustained, the bank has no right to charge the company with payment where the name of the payee has been forged, although the company without knowledge

of the forgery accepted the draft and caused the same to be paid to a third party out of its funds on deposit with the drawee.

Another bank upon obtaining possession of the draft and indorsing the same after the forged indorsement of the payee and in guaranteeing the indorsements, did not become liable to the insurance company as said company having a complete remedy against the drawee, did not suffer damage from such acts.

The insurance company by accepting the draft did not guarantee the indorsements thereon, but merely gave it validity as a direction to the drawee to pay the sum therein named to the order of the payee.

The relation between a bank and its depositor is that of debtor and creditor, not of agent and principal.

Money deposited becomes part of the bank's general funds, and it impliedly contracts to pay the depositor's checks, acceptances, notes payable at the bank and the like to the amount of his credit, but in discharging its implied obligation it pays its own money as a debtor, not its depositor's money as an agent.

APPEAL by the plaintiff, General Fire Assurance Company of Paris, France, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of June, 1916, sustaining demurrers to the complaint.

*Hartwell Cabell,* for the appellant.

*Joseph E. Cosgrove,* for the respondent.

DOWLING, J.:

The complaint herein sets forth eighteen causes of action against defendant, being three causes of action based on each of six instruments in writing for the payment of money, recovery thereon being predicated on the theories, *first,* of a breach of defendant's express guaranty of prior indorsements in reliance upon which plaintiff accepted the instrument; *second,* of a breach of defendant's implied guaranty as last indorser; and *third,* of a recovery of money paid under a mistake of fact.

Taking one of the instruments as an example of all, the complaint alleges, as a first cause of action, that plaintiff is a foreign corporation engaged in the business of insuring against loss or damage by fire and duly authorized to do business in the State of New York. Defendant is a domestic bank-

ing corporation. On or about August 7, 1914, plaintiff at its New York office "caused to be made out a paper writing in the form of a loss draft with receipt attached thereto, which it caused to be signed by one of its resident officers and agents, \* \* \* for the purpose of delivering the same to one Abraham Ringle in payment for a loss by fire then believed by plaintiff to have been sustained by said Ringle, with respect to property owned by him, against loss or damage by fire with respect to which plaintiff had insured the said Ringle by its policy in the standard form of the State of New Jersey." The writing is in the following form:

"Draft No. 3684, $402.50.                    August 7, 1914.
"Upon Acceptance By The General Fire Assurance Co., of Paris, France
"THE NATIONAL CITY BANK OF NEW YORK
"Will pay to the order of Abraham Ringle Four hundred two and 50/100 Dollars, which payment, evidenced by proper endorsement hereof, constitutes full satisfaction, compromise, release and discharge of all claims and demands for loss and damage which occurred by fire on August 1, 1914, to property described in Policy No. 24855 issued at the New Brunswick, N. J. Agency, and said Policy is hereby reduced in said amount.

                                        "F. E. SHAW,
                                            "*Agency Supt.*

        "To The
    United States Branch
  General Fire Assurance Co.
        of Paris, France.
123 William St., New York City.
    "Claim No. 3432   Accepted
        "The General Fire Assurance Co.
            of Paris, France.
                    "United States Managers
  "Countersigned          Cashier
  "Draft No. 3684        $402.50            19
  "Received of The General Fire Assurance Co., of Paris France
  "Sight Draft for the Sum of Four Hundred Two and 50/100 Dollars which, when paid, will be in full satisfaction, compro-

mise, release and discharge of all claims and demands for loss and damage by fire which occurred on August 1, 1914, to property described in Policy No. 24855 issued at its New Brunswick N. J. Agency, and said Policy is hereby reduced in said amount.

"Claim $402.50         Discount $         Net $402.50.

"Duplicate Receipt.

"Claim No. 3432

"This receipt must not be detached from draft.

(On back of Draft)

"Unless endorsed absolutely in accordance with instructions below, draft will be returned.

"Instructions Relative to Endorsement of Draft.

"Endorsement of this draft should be made by the Payee as described in its face; if made by an attorney, or agent, or the representative of an estate, properly certified evidence of authority must accompany the draft, unless previously filed with this company at its office, 123 William Street, New York City."

It is averred on information and belief that the paper was never delivered to Ringle, the payee, and never came into his possession, but was surreptitiously and fraudulently purloined from the possession of plaintiff, before delivery, and that defendant about August 8, 1914, obtained possession thereof, with the name of Abraham Ringle indorsed thereon among others, and thereafter defendant indorsed the paper with its name and caused the same to be presented "in accordance with its terms to the plaintiff for acceptance and payment." It is further set forth: "That thereupon the plaintiff, in the belief that the said paper writing had been endorsed by Abraham Ringle the payee named therein, and relying upon the endorsement of defendant appearing upon said paper beneath the name of said Abraham Ringle, believed said paper writing to be a draft upon itself, which had been duly delivered and endorsed by the payee named therein, the said Abraham Ringle, and accepted the same and caused the sum of Four hundred and two and 50/100 ($402.50) Dollars to be paid to the defendant thereon, out of funds belonging to it then on deposit with the National City Bank." The indorsement of Ringle upon the paper is alleged to have been a

forgery written therein without his authority or consent, and when plaintiff on November 19, 1915, for the first time learned of the facts it made demand on defendant for the repayment of the sum of $402.50, which was refused. The second cause of action, after restating the material parts of the first, sets forth that after obtaining possession of the paper bearing the name of Ringle indorsed thereon, with others, it indorsed the same as follows: "Endorsements Guaranteed. The State Bank of New York, A. J. Voorhis, Cashier," and that "thereupon the plaintiff in the belief that the said paper writing had been endorsed by the said Abraham Ringle the payee named therein, and relying upon said guarantee and endorsement of the defendant accepted the same and caused the sum of four hundred two and 50/100 ($402.50) Dollars to be paid to the defendant thereon out of funds belonging to it then on deposit with the National City Bank." The third cause of action, after stating the material parts of the first, sets forth that "thereupon the plaintiff in ignorance of the fact that the said paper writing had been purloined from its possession prior to any delivery thereof to the said Abraham Ringle or anyone for him, and in the belief that the said paper writing was its valid loss draft which had been duly delivered to the said payee and had by him been endorsed, and that he had signed the receipt attached thereto, accepted the same and caused the sum of Four hundred two and 50/100 ($402.50) Dollars to be paid to the defendant thereon out of funds belonging to it then on deposit with the National City Bank." The objection to all these causes of action is that no damage is shown to have been caused to plaintiff by any act of the defendant. Whether the paper in question is regarded as a check or as a draft, it had no validity, force or effect whatever until it was accepted by plaintiff. When accepted by plaintiff (no matter in what way that acceptance was procured) it became no more than a direction to the National City Bank to pay the sum of $402.50 according to its tenor, that is, to the order of Abraham Ringle. The National City Bank had no right or power to pay out that sum and charge it to plaintiff's account unless it paid it out as directed by plaintiff, that is, upon the order of Abraham Ringle. According to the allegations of the complaint it did not do so, but paid out the money

First Department, May, 1917. [Vol. 177.

upon a forged indorsement. Thereupon the National City Bank had no right to charge plaintiff with such payment; plaintiff can recover the amount thereof from the National City Bank (upon the facts alleged in the complaint), and plaintiff, not having suffered any damage, has no cause of action against this defendant. What the rights of the National City Bank against the defendant may be is a question not now before us. But it is well settled that as between plaintiff and the National City Bank, the payment by the latter upon the forged indorsement did not bind plaintiff and discharged no part of its indebtedness to the former. The relation between a bank and its depositor is that of debtor and creditor, not of agent and principal. The money deposited becomes part of the bank's general funds, and it impliedly contracts to pay the depositor's checks, acceptances, notes payable at the bank and the like to the amount of his credit, but in discharging its implied obligation it pays its own money as a debtor, not its depositor's money as an agent. (*Baldwin's Bank* v. *Smith,* 215 N. Y. 76.) So also in *Bank of British North America* v. *Merchants' Nat. Bank of N. Y.* (91 N. Y. 106), where, after holding that the bank had no specific moneys of the depositor in its possession, but became a debtor to him for all moneys deposited with it by him, the court said: " When the defendant paid the check upon the forged indorsement, it paid its own money, and discharged no part of its indebtedness to the plaintiff. It still remained indebted to the plaintiff for the sum of $17,500; and the plaintiff lost none of its rights by receiving, under a mistake as to the facts, the check as one properly paid and charged to its account by the defendant. When it discovered the mistake it had the right to repudiate the charge, return the check and claim payment of the sum really unpaid to it or upon its order. The defendant was bound to see to it at its peril that the indorsement of Mrs. Halpine was genuine; that it paid the check to one entitled to the payment thereof; and that it got good title to the check as a voucher, and the loss, as between it and the plaintiff, for a wrongful payment must fall upon it." To the same effect are *Welsh* v. *German American Bank* (73 N. Y. 424) and *Corn Exchange Bank* v. *Nassau Bank* (91 id. 74).

The acceptance by plaintiff did not guarantee the indorse-

ments upon the paper, nor do more than give it validity as a direction to the National City Bank to pay the sum herein named to the order of Abraham Ringle. That bank could not charge against plaintiff the amount of any payment made thereunder unless it was made upon a valid indorsement by Ringle. Not having so paid, plaintiff is not chargeable with the amount of the payment not made in accordance with his direction and has sustained no damage. It, therefore, has no cause of action against this defendant, and the judgment appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgment affirmed, with costs.