[Civ. No. 2256. Fourth Appellate District.—May 13, 1939.]

BANK OF AMERICA NATIONAL TRUST AND SAV-
INGS ASSOCIATION (a National Banking Associa-
tion), Respondent, v. SECURITY–FIRST NATIONAL
BANK OF LOS ANGELES (a National Banking Asso-
ciation) et al., Appellants.

SECURITY–FIRST NATIONAL BANK OF LOS ANGE-
LES (a National Banking Association), Respondent, v.
AMERICAN TRUST COMPANY (a Banking Corpora-
tion) et al., Appellants.

Mills, Hunter & Dunn and C. R. Liljestrom for Appellant
Citizens National Trust and Savings Bank.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Re-
spondent Bank of America National Trust and Savings As-
sociation.

BARNARD, P. J.—These two actions were consolidated for
trial. From a judgment in favor of the respective plaintiffs

the various defendants have appealed. For obvious reasons, the only defendant filing briefs here is the Citizens National Trust and Savings Bank, which will be referred to as the appellant. The only plaintiff filing a brief is the Bank of America National Trust and Savings Association, which will be referred to as the respondent.

On January 31, 1930, the respondent, at its Visalia Branch, issued its cashier's check for $2,000 payable to the order of W. A. Patterson. This was issued at the request of W. A. Scott and delivered to him. Scott delivered the check to persons whom he believed to be agents of Patterson. On February 3, 1930, the check was deposited by one Cetty in his checking account with the appellant in Los Angeles. The check, when deposited, bore the purported indorsement of Patterson and the genuine indorsement of Cetty. After crediting the amount of the check to Cetty's account the appellant placed its stamp indorsement thereon, "Pay to the order of any bank or banker, all prior endorsements guaranteed," and forwarded the check to American Trust Company, which bank credited the appellant with the amount of the check, placed its similar indorsement thereon and forwarded it to the Visalia Branch of the Security-First National Bank of Los Angeles, which bank in turn credited the American Trust Company, placed a similar indorsement thereon, and on February 4, 1930, presented the check to the drawee, the respondent, and received payment. It was later discovered that the purported signature of Patterson was a forgery, and these actions followed. Respondent's action was commenced on December 18, 1933, within four years of appellant's indorsement of the check, but more than three years after the discovery of the forgery.

The main question presented is whether the action is barred by the statute of limitations. While the respondent contends that the action is one upon an obligation or liability founded upon a written instrument, with a four-year limitation, the appellant contends that it is one for money paid under mistake and is barred under the provisions of section 338, subdivision 4, of the Code of Civil Procedure.

In support of its contention the appellant argues that its liability can arise only from the fact that it became an indorser of the check as defined in section 3144 of the Civil

Code; that the wording of the indorsement added nothing to the liability of the appellant as a general indorser, under that section; that as such indorser it warranted the matters set forth in section 3147 of that code, but only in favor of those mentioned in that section, to wit, "all subsequent holders in due course"; that the warranties of the indorsement are of no avail to the respondent which was the drawee, but not a holder in due course; that an action could be maintained by the respondent only as one for money paid under mistake; and that such an action must be brought within three years after the discovery of the forgery.

While sections 3144 to 3147, inclusive, of the Civil Code lay down general rules applying to a person who places his signature upon such an instrument otherwise than as maker, drawer or acceptor, nothing in these sections forbids the making or assuming of a different or additional obligation or forbids the making of a further contract by the use of appropriate written language. While under these code sections, which merely codify the general law, every unqualified indorser of such an instrument warrants that he has good title thereto, we have here a situation where an indorser not only places his signature upon the instrument but adds an express written guaranty of the prior indorsements. The question presented is whether or not this written obligation is one running in favor of the respondent drawee.

In *Philadelphia Nat. Bk.* v. *Fulton Nat. Bk.*, 25 Fed. (2d) 995, an insurance company drew drafts upon itself in favor of named payees, the drafts to be presented through the Philadelphia National Bank. The Fulton National Bank paid these drafts upon forged signatures of the payees and after indorsing them "Pay to the order of any bank, banker or trust company. All prior indorsements guaranteed" presented them to the Philadelphia National Bank, which paid them on the faith of the guaranty of the indorsements. In a suit brought by the latter bank for reimbursement the defendant bank contended, among other things, that the action was one for money paid by mistake and was barred. The court, while pointing out that the suit was barred "unless sustained by some obligation in writing", held that the "express guaranty of the prior indorsement is available". While in that case the action was brought by an indorsee, rather

than by a drawee, the court pointed out that while the language of the instrument was addressed to the payee its effect usually involves the indorsee, that the natural intention of the indorsement was "to give confidence in that respect to all who should be called on to deal with the paper under the indorsement, and to be addressed to them all". The author of the opinion says: "I suspect the origin of this express guaranty of prior indorsements in indorsing to a banker for collection took its origin thus, to enable a presenting banker to make such a guaranty to a drawee who did not care to rely upon the liability of a distant forwarding bank." While the question in that case was as to whether such a written guaranty ran in favor of an indorsee, the reasoning there used supports the conclusion that such a guaranty is addressed to and runs in favor of the drawee, as well.

In *Real Estate-Land Title & Trust Co.* v. *United Sec. Trust Co.*, 303 Pa. 273 [154 Atl. 593], the plaintiff's banking department, as drawee, paid a check in favor of parties whose signatures were forged. The defendant bank had paid the check to one of their depositors who had forged the name of the payees and then indorsed it guaranteeing prior indorsements, and it was then paid by the plaintiff bank as drawee. The plaintiff bank sued the guaranteeing bank on its guaranty. The court said: "When the defendant indorsed the check and guaranteed all previous indorsements, including that of Malnick and his wife, plaintiff was entitled to rely upon defendant's warrant that it had valid title and upon its guaranty of the genuineness of all previous indorsements. It follows that plaintiff is entitled to recover from defendant the money paid in reliance upon that warrant and guaranty." In *Merchants Nat. Bk.* v. *Continental Nat. Bk.*, 98 Cal. App. 523 [277 Pac. 354], the action was brought by a drawee bank against a collecting bank to recover money paid by the former in reliance upon the latter's clearing house indorsement. There was no written guaranty but the indorsement included the following: "Pay only through Los Angeles clearing house". A rule of that clearing house provided that members clearing checks through the same guaranteed all prior indorsements. The court held that the drawee bank could recover from the collecting bank under its clearing house indorsement, although it could not have recovered upon the

ground of mistake. While the guaranty in that case rested upon a clearing house rule, we.have in the instant case a written guaranty of prior signatures.

While, under the statutes, this indorsement by the appellant may, as conceded by it, have run in favor of subsequent holders in due course, the language used indicates no intention to limit the liability assumed to one in favor of such holders alone. The words "Pay to the order of any bank or banker", while also intended as a transfer or as authority to collect the money, are addressed to the drawee and are a direction to it to so act. The words "all prior endorsements guaranteed" are a part of this direction, may not be separated from it, and are as much addressed to the drawee as are the first words. No reason appears why one making such an indorsement does not bind himself to the very person whom he invites to act, and who does act, on the faith of his guaranty. In such a case a drawee bank, not having the opportunity possessed by the guaranteeing bank to examine into the genuineness of the signature, must and does rely on the written guaranty. Regardless of any effect on subsequent holders in due course, arising from the statute or otherwise, it must be held that such an indorsement creates an obligation or liability which runs in favor of the .drawee. Being founded upon an instrument in writing, it follows that this action was not barred by the statute of limitations.

The views herein expressed make it unnecessary to consider the other points raised.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1939.