[Civ. No. 12260.   First Dist., Div. Two.   May 6, 1943.]

METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Appellant, v. THE SAN FRANCISCO BANK (a Corporation), Respondent.

Knight, Boland & Riordan and F. Eldred Boland for Appellant.

Thomas E. Davis for Respondent.

SPENCE, J.—Plaintiff brought two actions seeking to recover from certain banks the sums debited to plaintiff's bank account in The Bank of California upon a series of checks of the plaintiff. The two actions involved sixty-seven checks signed by plaintiff over a period commencing on July 9, 1937, and ending on March 21, 1941, which checks were made payable to fictitious persons. The amended complaint in the

action out of which this appeal arose contained thirty-one counts which were based respectively upon thirty-one of said checks bearing dates from October 26, 1939, to March 21, 1941. The prayer was for the total sum of $3,019.94. The defendants in said action were The Bank of California and The San Francisco Bank. Said defendants interposed demurrers upon the ground that the amended complaint failed to state a cause of action and upon the further ground that the alleged causes of action set forth in the first fifteen counts were barred by subdivision 3 of section 340 of the Code of Civil Procedure. The demurrer of The Bank of California was sustained as to the first fifteen counts without leave to amend and was overruled as to the remaining counts. The demurrer of The San Francisco Bank was sustained as to all counts without leave to amend. Judgment of dismissal was entered accordingly and plaintiff appeals from the judgment in favor of The San Francisco Bank.

In the amended complaint plaintiff alleged that it had been induced through the fraud, trick and device of its employee William H. Miguel, who had no authority himself to issue checks on plaintiff's bank account, to draw and issue checks upon its bank account in The Bank of California at various times and in various amounts payable to various "fictitious persons not known to plaintiff to be fictitious persons and having no interest whatsoever in or to any part of the proceeds of said checks"; that Miguel, by trick and device, secured possession of said checks and endorsed each of said checks by placing upon the reverse side the name of the fictitious payee; that Miguel presented said checks, so endorsed, to The San Francisco Bank, which paid to Miguel on each of said checks the amount stated on the face thereof; that The San Francisco Bank endorsed each of said checks "Pay to the order of any Bank, Banker or Trust Co. All prior endorsements guaranteed (date) The San Francisco Bank, San Francisco"; and that The San Francisco Bank presented each of said checks to The Bank of California, which paid each check and in turn debited the amount thereof to the bank account of plaintiff.

It is apparently conceded that the allegations of plaintiff's amended complaint were sufficient to show that the checks were not payable to bearer under subdivision 3 of section 3090 of the Civil Code and that the checks were not payable

to any existing persons under the so-called imposter rule as enunciated in *Schweitzer* v. *Bank of America,* 43 Cal.App.2d 536 [109 P.2d 441] and the cases cited therein. It is apparently further conceded that the alleged acts of Miguel in endorsing the names of the fictitious payees constituted forgery (Penal Code. sec. 470) and that this action, insofar as it concerned The Bank of California, was an action by plaintiff, as a depositor, against said bank for the payment of checks that bore forged endorsements within the meaning of subdivision 3 of section 340 of the Code of Civil Procedure limiting the time for the bringing of such action to one year. The trial court no doubt sustained the demurrer of The Bank of California to the first fifteen counts upon the ground that said counts were barred by the last mentioned section. No appeal was taken by plaintiff from the judgment of dismissal in favor of The Bank of California with respect to said fifteen counts. This appeal was taken solely from the judgment of dismissal in favor of The San Francisco Bank, which judgment was entered after its demurrer was sustained as to all counts.

Plaintiff contends that the trial court erred in sustaining the demurrer of The San Francisco Bank and entering the judgment of dismissal in its favor. Plaintiff has been unable, however, to cite any authority to sustain the position that the drawer of a check, made payable to a fictitious and non-existing person and cashed upon a forged endorsement, may recover the amount thereof from a collecting bank which has cashed such check, endorsed the same in the manner alleged and collected the amount thereof from the drawee bank. Practically all of the authorities cited by the parties involved forged endorsements of checks made payable to existing rather than fictitious or non-existing payees. Such authorities are not in point and they furnish but little assistance here, more particularly as they are in hopeless conflict.

Plaintiff relies strongly upon *Mills* v. *Barney,* 22 Cal. 240 and *Walsh* v. *American Trust Co.,* 7 Cal.App.2d 654 [47 P.2d 323], but these cases are clearly distinguishable. Each involved an instrument payable to an existing payee. Furthermore, in the Mills case, the instrument was a certificate of deposit and plaintiffs were the drawees as well as the drawers of the instrument; while in the Walsh case, the instrument

was a check and the plaintiff was the trustee in bankruptcy for the payee.

A reading of plaintiff's briefs indicates that plaintiff itself is somewhat uncertain as to the theory upon which it believes that plaintiff, as the drawer of the check, should be entitled to recover against the collecting bank. Plaintiff suggests a contractual theory and also a conversion theory.

The suggested contractual theory is based upon the allegations that The San Francisco Bank endorsed said checks "Pay to the order of any Bank, Banker or Trust Co. All prior endorsements guaranteed (date) The San Francisco Bank, San Francisco." But this endorsement and guarantee was obviously addressed to the drawee bank and subsequent holders in due course (See *Bank of America* v. *Security First National Bank,* 32 Cal.App.2d 647 [90 P.2d 335]) rather than to the drawer and we are of the opinion that no contractual obligation between The San Francisco Bank, as endorser, and plaintiff, as drawer, may be predicated thereon under the circumstances before us.

It may be assumed for the purposes of this discussion that plaintiff, as drawer, was entitled to recover against The Bank of California, as drawee, upon the general contractual obligation of the latter to plaintiff as its depositor, provided an action was brought within the one year period prescribed in subdivision 3 of section 340 of the Code of Civil Procedure. (*Los Angeles Inv. Co.* v. *Home Savings Bank,* 180 Cal. 601 182 P. 293, 5 A.L.R. 1193].) It may be also assumed that in the event that plaintiff, as drawer, had recovered against The Bank of California, as drawee, the latter would have been entitled to recover against The San Francisco Bank, as the collecting bank, upon the written guarantee of the prior endorsement, provided the action was brought within the four year period prescribed by subdivision 1 of section 337 of the Code of Civil Procedure. (*Bank of America* v. *Security First Nat. Bank,* 32 Cal.App.2d 647 [90 P.2d 335].) We find no authority in this state, however, for permitting the plaintiff, as drawer, to recover directly against The San Francisco Bank, as the collecting bank upon any theory, contractual or otherwise. While not actually decided therein, it was apparently assumed by all concerned in *Union Tool Co.* v. *Farmers etc. National Bank,* 192 Cal. 40 [218 P. 424; 28 A.L.R. 1417], that no such recovery could be had even upon a check

made payable to an existing payee, for in that case, with all parties before the court the plaintiff, as drawer, was given judgment against the drawee bank but not against the collecting bank and, in turn, the drawee bank was given judgment against the collecting bank. And there is respectable authority in other jurisdictions indicating that the drawer may not recover directly from the collecting bank under such circumstances. (*Land-Title & Trust Co.* v. *North-Western Nat. Bank*, 196 Pa. 230 [46 A. 420, 50 L.R.A. 75]; *General Fire Assur. Co.* v. *State Bank*, 177 App.Div. 745 [164 N.Y.S. 871]; *Fidelity & Guaranty Fire Corp.* v. *Marine M. Trust Co.*, 162 Misc. 12 [293 N.Y.S. 519].) In the Land-Title case, it was said, "Between the bank and the trust company, as the drawer of the check, no relation, contractual or otherwise, existed. The drawer of a check cannot maintain an action against one who collects it on a forged endorsement from the bank on which it was drawn although the bank paying the check may. The remedy of the drawer is against the bank which pays his check, and the bank's remedy is against the person to whom it paid. The liability of the party collecting the check arises from his implied warranty of the endorsement. This liability is founded on contract, and not on negligence, and it exists, if at all, whether there was negligence or not."

But we are not called upon here to determine the rights and remedies of the parties in a case where a check is made payable to an existing payee. Suffice it to state that we are of the opinion that where, as here, a check is made payable to a fictitious and non-existing person, no contractual obligation arises in favor of the drawer upon the guarantee of the collecting bank of the validity of the forged endorsement of the signature of the fictitious payee for the reason that the very act of the drawer, in signing a check made payable to a fictitious payee under the circumstances alleged, makes impossible any valid endorsement of such check.

Plaintiff further suggests the theory of conversion and states that The San Francisco Bank "converted the checks to its use . . . and now has converted plaintiff's money to its own use." Plaintiff cites general definitions and general statements to the effect that checks may be the subject of conversion (65 C.J. 18) and relies upon *Swim* v. *Wilson*, 90 Cal. 126 [27 P. 33, 25 Am.St.Rep. 110, 13 L.R.A. 605], which

involved the theft of certificates of stock properly indorsed by the owner. We are of the opinion that plaintiff's amended complaint was insufficient to show either a conversion of the checks or a conversion of plaintiff's money. As to the suggested conversion of the checks, it is a sufficient answer to point out that the allegations of the amended complaint were insufficient to show that the checks, as such, had any value whatever. On the contrary, the allegations showed that said checks were not payable to anyone and that they were not negotiable instruments. They therefore were not and could not become of any value to anyone. It is settled that an action for conversion cannot be maintained unless it appears that the personal property involved was of some value. (*Bentley* v. *Mountain*, 51 Cal.App.2d 95 [124 P.2d 91]; 65 C.J. 28.)

As to the suggested conversion of "plaintiff's money," the allegations of the amended complaint showed that the relationship between The Bank of California and plaintiff was the ordinary relationship of a bank to its depositor. Said relationship was that of debtor and creditor and the title to the money deposited by plaintiff in The Bank of California passed immediately to said bank. (*Arnold* v. *San Ramon Valley Bank*, 184 Cal. 632 [194 P. 1012, 13 A.L.R. 320]; *Glassell Dev. Co.* v. *Citizens' National Bank*, 191 Cal. 375 [216 P. 1012, 28 A.L.R. 1427]; *Union Tool Co.* v. *Farmers etc. Nat. Bank*, 192 Cal. 40 [218 P. 424, 28 A.L.R. 1417].) Plaintiff, after depositing its money with The Bank of California, was no longer the owner or entitled to the possession of any specific money which was the subject of conversion and when The Bank of California paid the amount appearing on the face of the checks to The San Francisco Bank, it paid out its own money and not that of plaintiff. (9 C.J.S. 735.) The suggested theory that The San Francisco Bank converted "plaintiff's money" violates "the elemental principle that a depositor has no claim to any specific assets in his bank . . . " (36 Har.L.Rev. 879.)

We therefore conclude that plaintiff's amended complaint failed to state a cause of action against defendant The San Francisco Bank and that the trial court properly sustained said defendant's demurrer without leave to amend and entered judgment of dismissal in said defendant's favor.

The judgment appealed from is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 1, 1943. Gibson, C. J., and Traynor, J., voted for a hearing. Edmonds, J., did not participate therein.