KARES CONSTRUCTION CO., INC., Plaintiff-Appellant, v. ASSOCIATES DISCOUNT CORPORATION, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24934. Decided January 28, 1960.

502

Robert E. Warren, Jr., Gorman, Arthur & Schofield, for plaintiff-appellant.

Baker, Hostetler & Patterson, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By GRIFFITH, J.

The appeal comes before this Court on questions of law from the Municipal Court of Cleveland which sustained a demurrer to plaintiff's amended petition and, when the plaintiff did not plead further, rendered judgment in favor of the defendant.

Plaintiff alleges that on December 4, 1957, the defendant caused to be deposited to the credit of its account with Central National Bank of Cleveland a check purported to be drawn upon plaintiff's account with the Cleveland Trust Company in the sum of $2,000.00 and, thereafter, received credit upon its account for said check; that the check in question was forged and not drawn by anyone with authority to draw upon or charge its account; that defendant was not a bona fide holder of said check, and that the check was accepted from one, Cogan, an employee of plaintiff's, in payment of Cogan's personal obligation without making an inquiry of the drawer. On these allegations, plaintiff sought judgment for $2,000.00 with interest.

To this petition, the defendant filed a general demurrer on the ground that the allegations did not state a cause of action. This demurrer was sustained and on April 24, 1959, judgment was entered for the defendant, and the plaintiff's action was dismissed.

The theory upon which the action is brought is quasi-contract, a suit for recovery, because the defendant has been unjustly enriched. Here the unjust enrichment consisted of a bank credit of $2,000.00 arising from a forged instrument, and the plaintiff cites **31 O. Jur. 218, 219. Second National Bank v. New First National Bank, 7 Oh Ap 68,** and Wheeler v. Miller, 2 Handy 149, in support of its contention.

The sole question presented in this appeal is whether the plaintiff may recover against the defendant, the plaintiff being the apparent drawer of the alleged forged check, and the defendant being the payee of said check.

The defendant's demurrer is based on the grounds that plaintiff has no right of recovery and has failed to state a cause of action for these reasons:

1. Plaintiff paid no money or anything else to defendant and, therefore, cannot recover anything back from the defendant.

2. The drawee bank (The Cleveland Trust Company), had no right to cash the alleged forged check and to debit plaintiff's account therefor and, in contemplation of law, the plaintiff's funds are still on deposit with said drawee bank, and the plaintiff has suffered no loss.

The plaintiff alleges that the plaintiff had a checking account at the Cleveland Trust Company. The relationship set up between the bank and the plaintiff depositor is that of debtor and creditor, not of agent and principal. The money deposited became part of the bank's general funds, and the bank, in accepting the deposit, contracts at least impliedly to pay the depositor's check to the extent of the depositor's credit. Title to the money on deposit is in the bank and ceased to be moneys belonging to the plaintiff. See 7 **O. Jur. (2d) 240, par. 106.**

Defendant urges that the present case falls within the ruling of Lord Mansfield, then on the King's Bench, in England, decided in 1762, as enunciated in the famous case of Price v. Neal, 3 Burr 1354.

This doctrine, in few words, is that a drawee pays or accepts at his peril a bill on which the drawer's signature has been forged. This rule was early adopted in Ohio in the case of **Ellis v. Insurance Company, 4 Oh St 628,** and later followed in **First National Bank of Belmont v. First National Bank of Barnesville, 58 Oh St 207;** 50 Northeastern 723.

Justice Story, in 1825, in the case of Bank of United States v. Bank of Georgia, 10 Wheat 333, made the following statement:

"After some research, we have not been able to find a single case in which the general doctrine of Price v. Neal has been shaken or doubted."

While there is a scarcity of cases in Ohio relating to or touching on Lord Mansfield's doctrine, it seems to be the law outside this state that the time and the place when mistakes and forgeries should be decided once and for all is when the drawee bank honors or dishonors the instrument. Business usage and expediency demands that the bank pay at its peril. General Fire Assurance Company of Paris, France v. State Bank, 164 N. Y. Supp. 871 (1917); F. J. Lewis Manufacturing Company, Appellee, v. The Pennsylvania Railroad Company, Appellant, 258 Ill. App. 216 (1930); Bergstrom v. Ritz-Carlton Restaurant and Hotel Company, 157 N. Y. Supp. 959 (1916).

Plaintiff alleges in its petition that the defendant was not a "bona fide holder" of said check, and that defendant accepted the check from one of plaintiff's employees without making inquiry of the drawer. This allegation, if proven, cannot change or improve the cause of action in the plaintiff.

There can be no recovery in this case by the plaintiff against the defendant for the reason that the plaintiff was not the holder of the title of the money. When the bank paid the money on this check, it paid its own money and not any money belonging to the plaintiff, and the plaintiff has no cause of action against the defendant.

Since the plaintiff has suffered no loss, because The Cleveland Trust Company had no right to cash the forged check or to charge plaintiff's account for the same, the plaintiff is relegated to its recovery against the drawee bank.

Judgment affirmed.

DOYLE, PJ, HUNSICKER, J, concur.