[Civ. No. 25228. Second Dist., Div. One. Aug. 14, 1961.]

UNITED STATES RUBBER COMPANY (a Corporation), Appellant, v. UNION BANK AND TRUST COMPANY, Respondent.

Bernfeld and Cohen and Paul Wyler for Appellant.

Loeb and Loeb and Jerome L. Goldberg for Respondent.

FOURT, J.—This is an appeal from a judgment after the sustaining of a demurrer and appellant's declination to amend.

In count one of a complaint which apparently had to do with defendant, United Factors Corporation only, filed on May 12, 1960, the plaintiff alleged (1) that it was a corporation organized under New Jersey law and doing business in California; (2) that United Factors was in the factoring business in Los Angeles; (3) that the Union Bank and Trust Company was a bank; (4) (fictitious defendants); (5) that on May 13, 1958 the California Chairs, Inc. executed and delivered its check to the plaintiff in the sum of $11,127.44; (6) that on May 13, 1958 the plaintiff was the owner and entitled to possession of the check; (7) that on May 15, 1958 the check was without authority of and unknown to the plaintiff, wrongfully delivered to defendant United Factors; that at the time of delivery it bore endorsement ''Pay to the order of United Factors on behalf of Montgomery Ward a/c _____ U. S. Rubber Co.,'' that the endorsement was forged, it was not that of the plaintiff, made without knowledge or permission or consent or authority of the plaintiff; (8) that upon receipt of the check endorsed as aforesaid, the defendant, United Factors, and another defendant wrongfully endorsed the same to the order of the defendant Union Bank and Trust Company, stating in writing that the endorsement of the plaintiff was guaranteed and that all prior endorsements were properly placed on the check and (9) that the bank paid United Factors $11,127.44 to and for the use of the plaintiff.

In a second count with reference to the Union Bank and Trust Company, paragraphs one to seven inclusive of the first cause of action were realleged and further it was set forth that the Union Bank and Trust Company, upon receipt of the check on May 15, 1958, wrongfully possessed and converted the same to their own use and did deliver the check to California Chairs, Inc., the maker, to the damage of plaintiff in the sum of $11,127.44.

In other words, the plaintiff proceeded upon the theory that it had a cause of action against United Factors Corporation in assumpsit, for money had and received as expressed in the first count and a cause of action in tort against the bank as expressed in the second count.

There is no allegation that the bank knew of the forgery of the plaintiff's endorsement or that the bank ever certified or accepted the check.

There is no allegation in the cause against the bank that the drawer of the check had any money on deposit in the bank or that the check would have been paid had it been presented by plaintiff and properly endorsed.

The sole question presented is whether a payee of a check (United States Rubber Company), whose signature has been forged to a check may maintain an action for conversion of such check against an innocent drawee bank (Union Bank) which is free of any knowledge of the forged instrument.

Pertinent code sections of the Civil Code are set forth in footnote form.[1]

---

[1]Section 3104:

"When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

Section 3144:

"A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 3146:

"Every person negotiating an instrument by delivery or by a qualified indorsement, warrants—

"(1) That the instrument is genuine and in all respects what it purports to be;

"(2) That he has a good title to it;

"(3) That all prior parties had capacity to contract;

Any reference to code sections hereinafter made will be to the sections herein set forth in the footnote.

Appellant asserts that the bank is liable under the circumstances of this case and indicates that there is no California authority directly on the point in question.

---

"(4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless.

"But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the *immediate transferee.*

"The provisions of subdivision three of this section do not apply to persons negotiating public or corporation securities, other than bills and notes."

Section 3147:

"Every indorser who indorses without qualification, warrants to all subsequent holders in due course—

"(1) The matters and things mentioned in subdivision one, two and three of the next preceding section; and

"(2) That the instrument is at the time of his indorsement valid and subsisting.

"And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

Section 3207:

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

Section 3208:

"A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same."

Section 3213:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

Section 3265a:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this title applicable to a bill of exchange payable on demand apply to a check."

Section 3265e:

. "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it *accepts or certifies the check.*"

Section 3266:

"In this title, unless the context otherwise requires—

"'Acceptance' means an acceptance completed by delivery or notification.

"'Action' includes counterclaim and setoff.

"'Bank' includes any person or association of persons carrying on the business of banking, whether incorporated or not.

*Jones* v. *Bank of America,* 49 Cal.App.2d 115 [121 P.2d 94] authored by Mr. Justice White, involved four checks, three of which involved a situation which is not present in the case before this court. With reference to the fourth check in the *Jones* case the court said at page 124:

"... but the question presented to us is whether a drawee bank is liable to the payee of the check whose indorsement thereon has been forged and when payment thereon has been made by the drawee bank upon such unauthorized indorsement. We are convinced that it is firmly established as the law that the payee of a check unaccepted, as was the case here, cannot maintain an action upon it against the bank on which it is drawn. Such holding is based on the principle that there is no privity between the drawee bank and the payee of the check."

A check is not an assignment of the funds (§ 3265e); there is no property right vested in the payee (United States Rubber Company) of the check and no liability arises on the part of the drawee.

Appellant contends that the rule in conversion cases should be different from the rule which prevails in contract situations. No California case directly supports such a differentiation. Appellant cites certain dictum in *Schweitzer* v. *Bank of America,* 42 Cal.App.2d 536 [109 P.2d 441] as authority for its position.

We think that to sustain the appellant's position it would be necessary for this court in effect to attempt to write into section 3265e an exception, namely the conversion situations, and this we are unwilling to do. The Legislature did not see fit to write in any exception in 3265e when the law was first

---

" 'Bearer' means the person in possession of a bill or note which is payable to bearer.

" 'Bill' means bill of exchange, and 'note' means negotiable promissory note.

" 'Delivery' means transfer of possession, actual or constructive, from one person to another.

" 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof.

" 'Indorsement' means an indorsement completed by delivery.

" 'Instrument' means negotiable instrument.

" 'Issue' means the first delivery of the instrument complete in form, to a person who takes it as a holder.

" 'Person' includes a body of persons, whether incorporated or not.

" 'Value' means valuable consideration.

" 'Written' includes printed; and 'writing' includes print.''

adopted nor has the section been amended by the Legislature to include cases such as appellant's.

Section 3208 deals with the liability of the drawee on bills of exchange generally and that section states as heretofore indicated that the drawee in the absence of acceptance is not "liable on the bill." Section 3265e sets forth that the "bank is not liable to the holder." There is a decided difference in the language between the two sections mentioned. Had the Legislature intended that the drawee would be exempt from contract liability only, and not from conversion liability, it would have been a simple matter to so state and in any event the more restrictive language as set forth in section 3208 would have been used. (See 38 Harv.L.Rev. 884, footnote 96.)

If appellant's view were to be upheld the bank in effect would be twice liable, once to the appellant and once to the drawer because in no event could the drawer's account be charged by the bank as the endorsement was admittedly forged. If the bank paid out anything on the check it would necessarily be paid out of its own money and not that of the maker of the check. If such be the case, what has the bank converted to its use? (See *Security-First Nat. Bank* v. *Bank of America,* 22 Cal.2d 154, 157 [137 P.2d 452]; *Los Angeles Inv. Co.* v. *Home Savings Bank,* 180 Cal. 601, 604 [182 P. 293, 5 A.L.R. 1193].)

The payee of the check, however, has its rights against the forger and furthermore it still has its rights against the drawer of the check. (See *Jones* v. *Bank of America, supra,* 49 Cal.App.2d 115, 124.)

The ultimate effect of the appellant's argument is to put form above substance.

The payee never had any contract right against the bank as the bank never received any money from the payee, it had no money belonging to the payee and never promised to pay it anything. (See *Jones* v. *Bank of America, supra,* at p. 124.) If the payee had no right against the bank it is difficult indeed to see how the bank could convert anything of the payee's. The right which the payee had was a claim against the maker of the check and it still has that right.

To say that the piece of paper upon which the lettering was printed and the wording written was the instrument which was converted, is without merit. The check was never rightfully endorsed and was not a bearer instrument; it was merely an order to pay (§ 3207) and is of no value unless

accepted. The forged instrument was in effect a nullity (§ 3104) and worthless and could not be the subject of conversion as contemplated in this proceeding. As stated in *Metropolitan Life Insurance Co.* v. *San Francisco Bank*, 58 Cal.App.2d 528, 533-534 [136 P.2d 853]:

"Plaintiff further suggests the theory of conversion and states that The San Francisco Bank 'converted the checks to its use . . . and now has converted plaintiff's money to its own use.' Plaintiff cites general definitions and general statements to the effect that checks may be the subject of conversion (65 C.J. 18) and relies upon *Swim* v. *Wilson*, 90 Cal. 126 [27 P. 33, 25 Am.St.Rep. 110, 13 L.R.A. 605], which involved the theft of certificates of stock properly indorsed by the owner. We are of the opinion that plaintiff's amended complaint was insufficient to show either a conversion of the checks or a conversion of plaintiff's money. As to the suggested conversion of the checks, it is sufficient answer to point out that the allegations of the amended complaint were insufficient to show that the checks, as such, had any value whatever. On the contrary, the allegations showed that said checks were not payable to anyone and that *they were not negotiable instruments. They therefore were not and could not become of any value to anyone. It is settled that an action for conversion cannot be maintained unless it appears that the personal property involved was of some value.*" (Emphasis added.)

 The bank in this case knew nothing of the forgery. It was entitled, under the circumstances, to consider the endorsement as genuine. The enactments of the Legislature in this particular chapter are clear. We believe it would be improper to attempt to circumvent the clear statements made in the code sections referred to and thereby attempt to impose upon an innocent drawee a most unfair obligation.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.