The **FIRST NATIONAL BANK OF YUKON** and **City National Bank & Trust Company** of Oklahoma City, Plaintiffs in Error,

v.

**LIBERTY NATIONAL BANK & TRUST COMPANY OF OKLAHOMA CITY,** Defendant in Error.

No. 40530.

Supreme Court of Oklahoma.

June 2, 1964.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiffs in error.

Lytle, Soule & Emery, Oklahoma City, for plaintiff in error City National Bank & Trust Company of Oklahoma City.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to as plaintiff or Liberty and defendants as First National of Yukon and City National.

The Standard Life & Accident Company of Oklahoma City issued its check on September 12, 1961, to Abbott Printers in the sum of $1,025. This check was drawn on its account in the Liberty National Bank and mailed to payee. For some reason Abbott Printers did not receive the check or if it did, it was taken by someone and the fact that the check had not reached Abbott Printers or been cashed by it was not discovered until in December, 1961. On September 13, 1961, the check of Standard Life & Accident Company was presented to the Liberty National Bank for payment at the Teller's Cage, No. 18, marked "S through Z." It bore the endorsement "Abbott Printers, P. O. Box 1161, Oklahoma City 1, Okla." The teller did not remember whether this endorsement was placed thereon in her presence or had been affixed prior to the time it was handed to her for payment. The teller informed the person presenting the check that since it was made payable to a company, that she could not cash the check but she would authorize the exchange for a cashier's check, made payable to the same payee. The presenter of the check agreed to this. The teller stamped the check with her teller's number and wrote across the face of the check "O.K. for a cashier's check only" and initialed it.

Abbott Printers carried an account in the Liberty National Bank but the teller was unaware of this fact.

The person in possession of the check presented it to the Exchange Window where a bank cashier's check to Abbott Printers was issued to him. The check of the Standard Life & Accident Company was sent to the Transit Department where it was charged to the account of Standard Life & Accident Company.

On November 16, 1961, a person identifying himself as Richard D. Abbott opened an account with the First National Bank of Yukon for Abbott Printers by depositing

the sum of $5.00. On November 17th, he deposited the cashier's check in the Liberty National Bank in the sum of $1,025. On the same day he withdrew $421 and on December 16th he withdrew $601, leaving a balance of $8. At the time the cashier's check of the Liberty National Bank was deposited in the First National Bank of Yukon, it was endorsed "Abbott Printers, Richard D. Abbott."

The First National Bank of Yukon affixed its endorsement and forwarded the same to its correspondent, The City National Bank & Trust Company of Oklahoma City, for collection and permitted the depositor to draw against it. It was stipulated that all the endorsements upon the cashier's check were genuine except that of Abbott Printers and that the Liberty National Bank paid the check on November 20, 1961.

In December R. M. Frank, Treasurer of Abbott Printers, called Standard Life & Accident Company in regard to its account and it was then discovered that the check had been issued by Standard Life & Accident Company. The Liberty National Bank was notified and returned the cashier's check to the Yukon Bank through its correspondent, City National Bank, requesting that its account be credited because the initial endorsement thereon was a forgery.

The First National Bank of Yukon declined payment and the correspondent did the same and the Liberty National Bank brought this action.

There is no question but that the first endorsement on the check of the Standard Life & Accident Company and on the cashier's check were forgeries.

The account of the Standard Life & Accident Company was credited with $1,025, which had been deducted from it when the original check was cashed. The judgment of the trial court was for the plaintiff, Liberty National Bank, and from this the defendants, the First National Bank of Yukon and the City National Bank, have appealed.

The defendants make three contentions which are:

"1. The Liberty was negligent in failing to require proper identification and secure proper endorsement on the back of a check later found to be forged as to the endorsement and drawn upon a depositor of said bank before issuing their Cashier's Check as a substitute to the payee, also a depositor of said bank.

"2. There is a relationship of drawer and drawee existing between the Liberty and the First National Bank of Yukon as to the making and cashing of Cashier's Check.

"3. The Liberty was negligent by their failure to give prompt and timely notice to the First National Bank of Yukon upon its discovery of the forgery in order to mitigate any losses."

We will take up these propositions in their order.

■■ With the defendants first contention we cannot agree. The payee on the cashier's check was the same as the one on the check of Standard Life & Accident Company involved here. Plaintiff did not give the person who presented the check any cash but simply gave a cashier's check payable to "Abbott Printers." It was the responsibility of the bank that paid out the money on the cashier's check to ascertain that the person endorsing the cashier's check as payee was the person or entity named as payee. In Wilson v. First National Bank and Trust Company of Oklahoma City, Okl., 276 P.2d 766, we held as follows:

"A general or unconditional acceptance of a cashier's check is only an acceptance of it, as drawn, or according to its tenor, and does not obligate the bank to pay a holder thereof who has acquired it through the medium of a forged endorsement of the payee."

While a cashier's check with a fictitious payee was involved in that case it was still a forged endorsement and the bank which issued the cashier's check was held not li-

able to the holder. See also White v. City National Bank of Norman, Okl., 271 P.2d 713; Citizens Fidelity Bank & Trust Co. v. Liberty National Bank & Trust Co., Ky., 257 S.W.2d 590; 9 C.J.S. Banks and Banking § 173.; 81 A.L.R.2d 1365 and 22 A.L.R. 1249.

■ The second contention of defendant, First National of Yukon, that the relationship of drawer and drawee existed between Liberty and it, is immaterial. The fact is First National of Yukon paid off on a forged endorsement and cannot now collect on it. Our holding in proposition one settles this.

■ First National of Yukon's third proposition that Liberty was negligent in not notifying it sooner of the forgery is not well taken. We have read the evidence in the case and it is clear that Liberty acted promptly in notifying the First National of Yukon of the forgery as soon as it was informed of it.

Judgment of the trial court is affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.