Filed 3/29/16  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMANTHA GONZALEZ<br><br>Defendant and Appellant. | B266516<br>(Los Angeles County<br>Super. Ct. No.  VA139815-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Paul Espinoza, Judge.  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

After appellant Samantha Gonzalez was charged with grand theft relating to access card account information (Pen. Code, § 484e, subd. (d)), she sought to have the offense reclassified as a misdemeanor under Penal Code section 1170.18, a provision enacted pursuant to Proposition 47.[1]  When the trial court declined to reclassify the offense, she pleaded nolo contendere to the charge pursuant to a plea agreement.  She contends the court erred in denying her reclassification petition.  We agree, and thus reverse the judgment and remand for further proceedings.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The limited record before us discloses the following facts:  In August 2015, while appellant was driving in Whittier, police officers stopped her car because the vehicle registration had expired.  Appellant told the officers she was on probation for fraud, and had borrowed her cousin's credit card.  Inside appellant's purse, the officers found a debit card bearing the name "David Salgado."[2]

On August 11, 2015, a felony complaint was filed charging appellant with one count of grand theft (§ 484e, subd. (d)).  The complaint alleged that appellant had "acquired and retained possession of access card account information with respect to an access card validly issued to another person, without the cardholder's and issuer's consent, with intent to use it fraudulently."  After the trial court denied her petition under section 1170.18 to reclassify the offense as a misdemeanor, she pleaded nolo contendere to the offense as charged pursuant to a plea agreement.  In accordance with the terms of the agreement, the trial court sentenced her to a total term of 16 months, imposing eight months in county jail and eight months of

---

[1]    All further statutory references are to the Penal Code.

[2]    The account of the events preceding appellant's arrest is taken from the probation report.

2

mandatory supervision. Appellant noticed an appeal and obtained a certificate of probable cause.[3]

## DISCUSSION

Appellant contends that under the provisions enacted by Proposition 47, the offense charged against her constituted a misdemeanor. That offense is defined in section 484e, subdivision (d) (section 484e(d)), which provides: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." The question whether grand theft under section 484e(d) has been reclassified as a misdemeanor is presently before our Supreme Court, which has granted review in every published decision addressing it. (*People v. Thompson* (2015) 243 Cal.App.4th 413, review granted Mar. 9, 2016, S232212; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107; *People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757.) Those decisions reflect a division of opinion regarding the issue. We agree with a prior decision of this court, which concluded that the pertinent reclassification statute enacted by Proposition 47 applies to section 484e(d). (*Thompson, supra,* 243 Cal.App.4th 413, review granted.)

---

[3]    Generally, "a defendant may not take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere unless he has filed in the superior court a statement of certificate grounds[] which go to the legality of the proceedings, including the validity of his plea, and has obtained from the superior court a certificate of probable cause for the appeal." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095.)

3

In November 2014, the electorate approved Proposition 47, which makes certain theft-related and drug-related offenses misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) "The goal of Proposition 47 was to reduce the cost of housing petty criminals." (*People v. Myers* (Mar. 17, 2016, No. C078277) __ Cal.App.4th __, __ [2016 Cal.App. LEXIS 202, at *14.) Proposition 47 enacted section 490.2, subdivision (a), which provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars . . . shall be considered petty theft and shall be punished as a misdemeanor," absent circumstances not pertinent here. Proposition 47 also added section 1170.18, which creates a resentencing procedure for persons convicted of felony offenses now classified as misdemeanors.[4] (*Rivera*, *supra*, 233 Cal.App.4th at pp. 1092-1093.)

"'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the

---

[4] Under subdivision (a) of section 1170.18, a person "'currently serving'" a felony sentence for a reclassified offense who satisfies certain eligibility criteria may request resentencing. (*Rivera*, *supra,* 233 Cal.App.4th at p. 1092.) In addition, under subdivision (f) of section 1170.18, persons who have completed felony sentences for reclassified offenses may request redesignation of the offense as a misdemeanor "'for all purposes'" (absent exceptions not pertinent here). (*Rivera*, *supra,* at p. 1093.) As the parties do not address whether the resentencing procedure permitted appellant to seek reclassification of the charged offense prior to the imposition of her sentence, we do not examine that question.

language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' [Citation.]" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.

Subdivision (a) of section 490.2, by its plain language, manifests an intent to encompass all Penal Code sections defining grand theft, as it provides that it is applicable "[n]otwithstanding section 487 or *any other provision of law defining grand theft . . . .*" (Italics added.) The italicized phrase thus applies to section 484e(d), which expressly defines the acquisition or retention of access card account information with the intent to defraud as a type of grand theft. The value of an access card itself is slight, as is the value of the information it contains, which acquires significant worth only when used. (See *United States Rubber Co. v. Union Bank & Trust Co.* (1961) 194 Cal.App.2d 703, 708-709 [finding value of forged check is "a nullity" because it is merely "an order to pay . . . and is of no value unless accepted"]; see also *People v. Cuellar* (2008) 165 Cal.App.4th 833, 838-839 [a "fictitious check . . . had slight intrinsic value by virtue of the paper it was printed on"].)

Because "Proposition 47 directs that its provisions 'shall be liberally construed to effectuate its purposes'" (*People v. Williams* (2016) 245 Cal.App.4th 458, 469, quoting Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74), we conclude that the offense charged against appellant is properly regarded as a misdemeanor. The complaint alleged under section 484e(d) that appellant engaged in grand theft by "acquir[ing] and retain[ing] possession of access card account information" with the intent to defraud. The violation of section 484e(d) charged against appellant thus constituted the "obtaining [of ] property by theft where the value of the . . . personal property taken [did] not

5

exceed [$950]," for purposes of section 490.2. Accordingly, the trial court erred in denying appellant's petition to reclassify the offense charged against her as a misdemeanor.

The remaining question concerns the appropriate remedy. As appellant entered into the plea agreement following the erroneous ruling, the judgment based on that agreement must be reversed and the matter remanded for further proceedings, during which appellant shall be permitted to withdraw her plea. (See *In re Vargas* (2000) 83 Cal.App.4th 1125, 1141-1144.)


**DISPOSITION**

The judgment is reversed, and the matter is remanded for further proceedings in accordance with this opinion, with directions that appellant shall be entitled to withdraw her plea.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:



EPSTEIN, P. J.



COLLINS, J.